FILED
CLERK, U.S. DISTRICT COURT
01/12/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_AP\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE IGNACIO GONZALEZ,<br><br>    Defendant. | ED CR No. 5:22-cr-00014-JGB<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Distribution and Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 922(o)(1): Possession of Machineguns; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about June 10, 2021, in Riverside County, within the Central District of California, defendant JOSE IGNACIO GONZALEZ knowingly and intentionally distributed at least 50 grams, that is, approximately 426.7 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 922(a)(1)(A)]

Beginning on or before June 10, 2021, and continuing through on or about September 1, 2021, in Riverside County, within the Central District of California, and elsewhere, defendant JOSE IGNACIO GONZALEZ, not being licensed as an importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| Date | Firearms |
|---|---|
| June 10, 2021 | a Polymer80 9mm semiautomatic pistol, bearing no serial number (commonly referred to as a "ghost gun") |
| June 14, 2021 | an AR-type rifle with markings "CAL:MULTI FONTAINE DAUTERIVE; COMPTON, CA," bearing serial no. 698DZR (commonly referred to as a "ghost gun") |
| June 21, 2021 | four Polymer80 9mm semiautomatic pistols, each bearing no serial number (commonly referred to as "ghost guns") |
| July 7, 2021 | an AR15-type 5.56mm caliber rifle, incorporating a 3D printed receiver of unknown origin, bearing no serial number (commonly referred to as a "ghost gun") |

COUNT THREE

[18 U.S.C. § 922(o)(1)]

On or about July 7, 2021, in Riverside County, within the Central District of California, defendant JOSE IGNACIO GONZALEZ knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), namely, an AR15-type 5.56mm caliber rifle, incorporating a 3D printed receiver of unknown origin, bearing no serial number (commonly referred to as a "ghost gun"), which defendant GONZALEZ knew to be a machinegun.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about September 1, 2021, in Riverside County, within the Central District of California, defendant JOSE IGNACIO GONZALEZ knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 878 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[18 U.S.C. § 922(o)(1)]

On or about September 1, 2021, in Riverside County, within the Central District of California, defendant JOSE IGNACIO GONZALEZ knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), namely, a Glock-type 9mm Luger caliber pistol, manufactured with a Polymer80 brand PF940C kit and Glock-type firearm components, bearing no serial number (commonly referred to as a "ghost gun"), which defendant GONZALEZ knew to be a machinegun.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One or Four of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

    (b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

    (c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    (d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), or (c).

3.  Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be

located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Two, Three, or Five of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

STEPHEN T. MERRILL
Special Assistant U.S. Attorney
Riverside Branch Office